UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

FILED  -PS-O-

2007 AUG 15 PM 3:13

U.S. DISTRICT COURT
W.D.N.Y. - BUFFALO

---

CHRISTOPHER SHAWN YOUNG, 91B2542,

    Plaintiff,

-v-

DR. ALAN SMITH, DR. GERALD CONIGLIO,
Commisioner GLEN S. GOORD,
THOMAS EAGEN C.O.R.C. Director,
and JAMES T. CONWAY (Supt. A.C.F),

    Defendants.

**DECISION and ORDER**
07-CV-6312P

---

Plaintiff, who is incarcerated in the Attica Correctional Facility, has requested permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) and has both met the statutory requirements and furnished the Court with a signed Authorization. Accordingly, plaintiff's request to proceed as a poor person hereby is granted.

Plaintiff's complaint must be screened by the Court with respect to the 28 U.S.C. §§ 1915(e) and 1915A criteria. The Court notes that plaintiff repeatedly cites the basis for his claim as "medical malpractice-personal injury (violating the eight amendment)." Although malpractice is a state law claim and not a basis for a claim under 42 U.S.C. § 1983, the Court is not bound by the label put on a cause of action by a *pro se* litigant. *Albert v. Carovano*, 851 F.2d 561, 571 n. 3 (2d Cir. 1988) (citing *Newman v. Silver*, 713 F.2d 14, 15 n.1 (2d Cir. 1983)). Plaintiff's complaint clearly alleges deliberate indifference or violation of the eight amendment by deliberately choosing the less effective treatment. *Williams v. Vincent*, 508 F.2d 541, 544 (2d Cir. 1974) (holding that where plaintiff alleged that the prison doctors chose simply to close a wound caused by the severing of his ear rather than attempting to reattach the organ, such treatment could constitute deliberate

indifference rather than a mere difference of opinion over a matter of medical judgment); *see also Waldrop v. Evans*, 871 F.2d 1030, 1035 (11th Cir. 1989) (reaffirming position that "choice of an easier but less efficacious course of treatment can constitute deliberate indifference"). The complaint will be allowed to go forward at this stage as a deliberate indifference claim, except in the respects discussed below.

The Eleventh Amendment bars federal courts from exercising subject matter jurisdiction over claims against states absent their consent to such suit or an express statutory waiver of immunity. *See Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89, 98-100, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984). It is well-settled that states are not "persons" under § 1983, and thus Eleventh Amendment immunity is not abrogated by that statute. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 65-66, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989). The Eleventh Amendment bar extends to agencies and officials sued in their official capacities. *Kentucky v. Graham*, 473 U.S. 159, 166, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985). Plaintiff may therefore sue the defendants in their official capacity only if they consent to be sued. *Pennhurst,* 465 U.S. 89 at 199-201. Since none have consented, the Eleventh Amendment bars the plaintiff's suit against the defendants in their official capacity, to the extent that such claims have been made. Therefore, all claims against defendants in their official capacities are dismissed.

The claim against defendant Goord must also be dismissed. In order for a plaintiff to establish a claim against a defendant in a § 1983 action, the plaintiff must allege that the defendant had some personal involvement in the allegedly unlawful conduct. *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995). Plaintiff may not rely on the doctrine of *respondeat superior* to establish liability in a § 1983 action. *Monell v. New York City Department of Social Services*, 436 U.S. 658, 691-95, 98 S. Ct. 2018, 56 L.Ed. 2d 611

(1978). "The bare fact that [the defendant] occupies a high position in the New York prison hierarchy is insufficient to sustain [plaintiff's] claim." Colon v. Coughlin, 58 F.3d 865, 874 (2d Cir. 1995). Instead, a showing of some personal responsibility on the part of an employer is required. In the case of an individual defendant, plaintiff must show that the defendant was personally involved in a constitutional deprivation, Sealey v. Giltner, 116 F.3d 47, 51 (2d Cir. 1997), or that the defendant, employed in a position of control, failed to remedy the alleged wrong after learning of it, or created a policy or custom under which unconstitutional practices occurred, or was grossly negligent in managing subordinates, Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994). Because plaintiff has made no allegations that would establish the personal involvement of defendant Goord in the alleged constitutional deprivation, the claim against Goord is dismissed with prejudice.

The Clerk of the Court is directed to correct the caption to reflect that Commissioner Glenn S. Goord is no longer a defendant in this action. The Clerk is also directed to file plaintiff's papers, and to cause the United States Marshal to serve copies of the Summons, Complaint, and this Order upon the remaining named defendants without plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in plaintiff's favor. Pursuant to 42 U.S.C. § 1997e(g)(2), the defendants are directed to answer the complaint.

SO ORDERED.

Dated:   August 13, 2007
         Buffalo, New York

_____
WILLIAM M. SKRETNY
United States District Judge