UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

CHRISTOPHER SHAWN YOUNG,

                                        Plaintiff,                No. 07-CV-6312 CJS

        -vs-

DR. ALAN SMITH, DR. GERALD CONIGLIO,                DECISION AND ORDER
THOMAS EAGEN C.O.R.C. Director, and
JAMES T. CONWAY (Supt. A.C.F.),

                                        Defendants.

_____

INTRODUCTION

        This is an action pursuant to 42 U.S.C. § 1983 ("Section 1983")  in which plaintiff

Christopher Young ("Plaintiff"), a prison inmate confined at Attica Correctional Facility, is

claiming that his constitutional rights were violated. Now before the Court is Defendants'

motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure ("FRCP")

12(b)(6).  For the reasons that follow, the application is granted in part and denied in part.

BACKGROUND

        Unless otherwise noted, the following facts are taken from the Complaint [#1] in

this action.[1]  On the evening of March 30, 2006, Plaintiff was playing basketball in the

_____

        [1]"In considering a motion under Fed.R.Civ.P. 12(b)(6) to dismiss a complaint for failure to state a
claim on which relief can be granted, the district court is normally required to look only to the allegations
on the face of the complaint. If, on such a motion, 'matters outside the pleading are presented to and not
excluded by the court,' the court should normally treat the motion as one for summary judgment pursuant
to Fed.R.Civ.P. 56. Fed.R.Civ.P. 12(b) . . . .   In certain circumstances, the court may permissibly consider
documents other than the complaint in ruling on a motion under Rule 12(b)(6). Documents that are
attached to the complaint or incorporated in it by reference are deemed part of the pleading and may be
considered. In addition, even if not attached or incorporated by reference, a document upon which the
complaint solely relies and which is integral to the complaint may be considered by the court in ruling on
such a motion." *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007) (citations and internal quotations
omitted).

1

prison recreation yard when he suffered a knee injury, and specifically, a ruptured patellar tendon.  Plaintiff was taken to Wyoming County Community Hospital ("the hospital"), where he was examined by emergency room physician Alan Smith, M.D. ("Smith"). Smith determined that Plaintiff required surgery, and he scheduled Plaintiff to see an orthopedic surgeon the following morning.  In the meantime, Smith provided Plaintiff with pain medication, a leg "immobilizer" and crutches.  The following morning, Plaintiff was returned to the hospital and examined by Gerald Coniglio, M.D. ("Coniglio"), an orthopedic surgeon.  Congilio scheduled surgery to take place four days later, on April 4, 2006.  On April 4, 2006, Coniglio operated on Plaintiff's knee.  However, in June 2006, the orthopedic repair allegedly failed.  On June 27, 2006, Coniglio again operated on Plaintiff's knee, and removed portions of Plaintiff's knee cap.

Subsequently, Plaintiff filed inmate grievances alleging improper medical treatment by Smith and Coniglio.  Specifically, Plaintiff complained that he should not have been forced to wait several days for the initial surgery, that Coniglio should not have removed part of his kneecap, and that Coniglio should have provided a prosthetic knee cap replacement.  The Inmate Grievance Review Committee ("IGRC") denied the grievances, and Plaintiff appealed to the Attica Superintendent, defendant James Conway ("Conway").  Conway affirmed the determinations of the IGRC.  With regard to Plaintiff's claim that the initial surgery was delayed, Conway stated that such "[s]urgery was not needed or recommended and the level of care for your injury was deemed urgent, not emergent.  As such you received treatment in an appropriate period of time."[2]  In

---

[2]In the Complaint, Plaintiff states: "[Conway] denied said appeal stating that 'Surgery was not needed nor recommended,' [and] this was after the initial surgery was already performed.  This shows that Supt. Conway did not even look into the matter."  However, the Court reads Conway's full response to

response to Plaintiff's complaints concerning Conglio's second surgery, Conway stated, "Contrary to you claim, your kneecap was not removed by the outside surgeon.  Only broken fragments of the kneecap were removed.  They were removed because their continued present [sic] would have negatively impacted your best medical interests." Plaintiff then appealed to the Central Office Review Committee ("CORC"), which affirmed Conway's determinations.  CORC's decisions were signed by defendant Thomas Eagen ("Eagen"), the Director of CORC.  With regard to Plaintiff's complaint about the timing of his first surgery, Eagen observed that "[t]he attending orthopedic physician did not feel the grievant's injury required emergency surgery."  As for Plaintiff's complaint concerning Coniglio's second surgery, Eagen stated: "CORC notes that the grievant consented to undertake a second surgery for a re-ruptured left patellar tendon with his attending surgeon.  CORC notes that medical records indicate that the surgeon recommended for approval for a prosthetic kneecap, but was denied by the Department's Utilization Provider."

On June 22, 2007, Plaintiff commenced the instant action against Smith, Coniglio, Conway and Eagen.  With regard to Smith, Plaintiff asserts claims for "medical malpractice - personal injury (violating Eighth Amendment)," based on Smith's decision not to arrange surgery on an emergency basis.  As for Coniglio, Plaintiff describes his claim as "medical malpractice violation of my Eighth Amendment rights."  In that regard, Plaintiff alleges that Coniglio improperly delayed, and then botched, the initial surgery, and that during the second surgery, he removed part of Plaintiff's knee cap against his

---

indicate only that *emergency surgery*, which Plaintiff wanted, "was not needed or recommended."

3

wishes, and failed to provide a prosthetic replacement.  Next, Plaintiff alleges that

Conway committed "medical malpractice (denial of medical treatment) violating my Eighth

Amendment rights," by denying Plaintiff's grievances.  And finally, Plaintiff alleges that

Eagen committed "medical malpractice personal injury - denial of medical treatment

(violating Eighth Amend.)," by affirming Conway's determinations.

Defendants subsequently filed the subject motion to dismiss [#6].  Both Smith and

Coniglio contend that the Complaint fails to state a claim against them, for two reasons.

First, they allege that medical malpractice is not actionable as a constitutional violation

under Section 1983, and second, they allege that, as private doctors, they were not

"acting under color of state law," for purposes of Section 1983.  Conway and Eagen

argue that they are also entitled to dismissal, since the claims against Smith and Coniglio

fail to state a claim.  Alternatively, Conway and Eagen maintain that, even if the

Complaint states Eighth Amendment claims, they were not personally involved, since

they were entitled to rely on Smith's and Coniglio's medical expertise.

ANALYSIS

In ruling upon a motion to dismiss made pursuant to FRCP 12(b) (6), the Court

must construe

> the complaint liberally, accepting all factual allegations in the complaint as
> true, and drawing all reasonable inferences in the plaintiff's favor. Although
> the pleading standard is a liberal one, bald assertions and conclusions of
> law will not suffice. To survive dismissal, the plaintiff must provide the
> grounds upon which her claim rests through factual allegations sufficient to
> raise a right to relief above the speculative level.

*Reddington v. Staten Island Univ. Hosp.*, 511 F.3d 126, 131 (2d Cir. 2007) (citations and

internal quotation marks omitted).

To defeat a 12(b)(6) motion, a plaintiff is not required to plead facts sufficient to establish a prima facie case. *See, Leibowitz v. Cornell Univ.*, 445 F.3d 586, 591 (2d Cir. 2006) (Observing that in *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 508 122 S.Ct. 992 (2002), the Supreme Court held that a complaint "need not include specific facts establishing a prima facie case of discrimination and instead must contain only a short and plain statement of the claim showing that the pleader is entitled to relief.") (internal quotation marks omitted). Nevertheless, a plaintiff who chooses to plead particular facts may thereby "plead herself out of court." *See, Jackson v. Marion County*, 66 F.3d 151, 153 (7th Cir. 1995) ("[A] plaintiff can plead himself out of court by alleging facts which show that he has no claim, even though he was not required to allege those facts.") (citations omitted) (Posner, J.).

Plaintiff is suing pursuant to 42 U.S.C. § 1983, and the legal principles applicable to such claims are well settled:

> In order to establish individual liability under § 1983, a plaintiff must show (a) that the defendant is a "person" acting "under the color of state law," and (b) that the defendant caused the plaintiff to be deprived of a federal right. See, *e.g., Monroe v. Pape*, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961). Additionally, "[i]n this Circuit personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *McKinnon v. Patterson*, 568 F.2d 930, 934 (2d Cir.1977).
>
>             \*\*\*
>
> An individual cannot be held liable for damages under § 1983 "merely because he held a high position of authority," but can be held liable if he was personally involved in the alleged deprivation. *See Black v. Coughlin*, 76 F.3d 72, 74 (2d Cir.1996). Personal involvement can be shown by: evidence that (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference ... by failing to act on

5

information indicating that unconstitutional acts were occurring. *See Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir.1995).

*Back v. Hastings On Hudson Union Free Sch. Dist.*, 365 F.3d 107, 122, 127 (2d Cir. 2004).

Plaintiff is asserting Eighth Amendment claims directed at his medical treatment, and the legal standard for such claims is clear:

> In order to establish an Eighth Amendment claim arising out of inadequate medical care, a prisoner must prove deliberate indifference to his serious medical needs. This standard incorporates both objective and subjective elements. The objective 'medical need' element measures the severity of the alleged deprivation, while the subjective 'deliberate indifference' element ensures that the defendant prison official acted with a sufficiently culpable state of mind.
>
> Because the Eighth Amendment is not a vehicle for bringing medical malpractice claims, nor a substitute for state tort law, not every lapse in prison medical care will rise to the level of a constitutional violation. [T]he Supreme Court [has] explained that the Eighth Amendment's prohibition on cruel and unusual punishments encompasses the deliberate failure to treat a prisoner's serious illness or injury resulting in the infliction of unnecessary pain and suffering. Because society does not expect that prisoners will have unqualified access to health care, a prisoner must first make this threshold showing of serious illness or injury in order to state an Eighth Amendment claim for denial of medical care. Similarly, a prisoner must demonstrate more than an inadvertent failure to provide adequate medical care by prison officials to successfully establish Eighth Amendment liability. An official acts with the requisite deliberate indifference when that official knows of and disregards an excessive risk to inmate health or safety, a state of mind equivalent to the familiar standard of 'recklessness' as used in criminal law.

*Smith v. Carpenter*, 316 F.3d 178, 183-84 (2d Cir.2003) (citations and internal quotations omitted). Courts have repeatedly held that disagreements over treatment do not rise to the level of a Constitutional violation. *See, Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir.1998)("It is well-established that mere disagreement over the proper treatment does not create a constitutional claim."). Similarly, negligence constituting medical malpractice, without more, will not establish a constitutional claim. *Id.* (citation omitted).

Applying the foregoing principles of law, the Court finds, at the outset, that to the

extent that Plaintiff is alleging claims for medical malpractice against Smith and Coniglio,

those claims must be dismissed.  The Court reaches a different conclusion, though,

concerning Plaintiff's allegations that Smith and Coniglio were deliberately indifferent to

his serious medical needs.  In that regard, Smith and Coniglio contend that, as private

doctors, they were not acting under color of state law.  However, private doctors who

provide medical care to state-prison inmates may be subject to liability under Section

1983.  *See, Sykes v. McPhillips*, 412 F.Supp.2d 197, 202 (N.D.N.Y. 2006) ("It is clear that

medical care providers working in a prison are state actors.  It is also clear that hospitals

and physicians that provide care outside of the prison facility may be held to be state

actors when they work pursuant to contract.") (*citing  West v. Atkins*, 487 U.S. 42, 108

S.Ct. 2250 (1988)); *see also*, *Doe v. Torres*, No. 05 Civ.3388 JSR GWG, 2006 WL

290480 at *9 (S.D.N.Y. Feb. 8, 2006) ("With regard to doctors who treat prison inmates,

the Supreme Court has held that it is 'the physician's function within the state system, not

the precise terms of his employment, that determines whether his actions can fairly be

attributed to the State' in a suit under 42 U.S.C. § 1983.") (*quoting West v. Atkins*, 487

U.S. at 55-56 (1988)). Here, the exact nature of the relationship between Smith, Coniglio

and the State of New York is unclear from the Complaint, but will presumably be clarified

during discovery.  In the meantime, the doctors' motion to dismiss must be denied.

On the other hand, the Court agrees that the Complaint fails to state a claim

against Conway or Eagen, since neither were directly involved in the complained-of

medical decisions, and  both were entitled to rely on the medical opinions of Smith and

Coniglio. *See*, *Graham v. Wright*, No. 01 Civ.9613 NRB, 2003 WL 22126764 at *1

(S.D.N.Y. Sep. 12, 2003) (Granting Rule 12(b)(6) motion)[3]; *see also, Woods v. Goord*,

No. 01 Civ. 3255(SAS), 2002 WL 731691 at * 9 (S.D.N.Y. Apr. 23, 2002) (Holding that

prison "[s]upervisors are entitled to rely on and adopt the recommendations of prison

doctors without incurring a charge of personal involvement.") (citation omitted).  Here,

Plaintiff has not alleged that Conway and Eagen were personally involved in the alleged

constitutional violations, and the claims against them are therefore dismissed.

CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss [#6] is granted in part

and denied in part.  The medical malpractice claims and the claims against Conway and

Eagen are dismissed.  The Eighth Amendment claims against Smith and Coniglio may go

forward.

SO ORDERED.

Dated: Rochester, New York
       October 9, 2008                         ENTER:


                                               /s/ Charles J. Siragusa
                                               CHARLES J. SIRAGUSA
                                               United States District Judge

---

[3]"It is well established that supervisory officials are 'generally entitled to delegate medical responsibility to facility medical staffs and are entitled to rely on the opinion of medical staff concerning the proper course of treatment.' *Abdush-Shahid v. Coughlin*, 933 F.Supp. 168, 183 (N.D.N.Y.1996). In the instant case, plaintiff has not suggested that defendant Keane, as part of his investigation of plaintiff's grievance, failed to appropriately rely on the opinion of medical staff in coming to his determination, nor has he alleged that defendant Keane was deliberate or malicious in his ultimate denial of the grievance. Accordingly, we find that plaintiff has failed to state a claim against Keane and dismiss plaintiff's claim against him in his individual capacity." *Id*.